TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00091-CR







Richard Ramirez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-462, HONORABLE JACK ROBISON, JUDGE PRESIDING






PER CURIAM

At a trial on a multi-count indictment, a jury found appellant guilty of burglary of a habitation
and kidnapping. Tex. Penal Code Ann. §§ 20.03 (West 1994), 30.02 (West 1994 & Supp. 1998). The
jury assessed terms of imprisonment of sixty and ten years for these offenses.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), by
presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of
counsel's brief was delivered to appellant, and appellant was advised of his right to examine the appellate
record and to file a pro se brief. Appellant has filed a pro se brief containing five points of error. (1)

Appellant challenges the sufficiency of the evidence with respect to the kidnapping
conviction. Specifically, he urges that the State failed to prove that he abducted the complainant "by
secreting and holding her in a place where she was not likely to be found," as alleged in the indictment. See
Tex. Penal Code Ann. § 20.01(2)(A) (West 1994). The eleven-year-old complainant testified that she
was alone at home when, at 11:00 p.m., appellant entered the house without permission, placed a knife
against her neck, and dragged her outside. Appellant took the complainant to an area of high grass and
weeds out of the sight of neighbors, where he threw her to the ground. She was afraid appellant was going
to rape her. Fortunately, dogs began to bark and a neighbor's lights came on. This apparently frightened
appellant, who told the complainant not to tell anyone what had happened and then fled. Contrary to
appellant's contention, we find this testimony sufficient to support the jury's verdict. See Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (standard of review). Point of error 2 is overruled.

Appellant contends his trial attorneys were ineffective because they advised him not to
testify. The record before us does not reflect the reason or reasons underlying this advice, which was
obviously a question of trial strategy. Appellant has not overcome the presumption that counsel provided
reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Point of error 1 is overruled.

Next, appellant contends that under the district court's jury charge, the jury's verdict
convicting him of burglary of a habitation necessarily included a finding that he was not guilty of kidnapping. 
The charge submitted count one, paragraph A (burglary by entering and committing aggravated assault),
count one, paragraph B (burglary by entering and committing kidnapping), and count two (kidnapping). 
The jury returned verdicts of guilty on count one (without specifying which paragraph) and count two. 
Contrary to appellant's argument, the charge did not require a finding of not guilty of kidnapping in order
to find him guilty of burglary. Point of error 1A is overruled.

Appellant also contends the court's charge authorized the jury to consider an accusation
that had been waived. Count three of the indictment, accusing appellant of attempted aggravated sexual
assault, was waived by the State. The court's charge instructed the jury to consider "any testimony before
you in this case regarding the Defendant's having committed offenses (ie, an alleged intent to commit sexual
assault) other than the offenses alleged against him in the indictment, and defined in this jury charge" only
if it found beyond a reasonable doubt that appellant committed the other offense, and then to limit its
consideration of the evidence to the issue of appellant's identity. We perceive no error. Point of error 1B
is overruled.

Finally, appellant contends the prosecutor commented on his failure to testify during jury
argument when he said, "I submit to you that it was the State who presented to you the credible evidence
in this case, and I submit to you that the credible evidence and testimony establishes that he is guilty as
charged." We disagree with appellant's characterization of this statement as a comment on his failure to
testify and, in any event, any error was waived by the failure to object. Cockrell v. State, 933 S.W.2d
73 (Tex. Crim. App. 1996). Point of error 3 is overruled.

The judgment of conviction is affirmed.



Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: December 11, 1997

Do Not Publish
1. This is appellant's second pro se brief. In his first pro se brief, appellant complained that he had
not been allowed to examine the entire appellate record. In response, we ordered the trial court clerk to
make the full record available to him. This was done, and the second brief resulted.



vidence with respect to the kidnapping
conviction. Specifically, he urges that the State failed to prove that he abducted the complainant "by
secreting and holding her in a place where she was not likely to be found," as alleged in the indictment. See
Tex. Penal Code Ann. § 20.01(2)(A) (West 1994). The eleven-year-old complainant testified that she
was alone at home when, at 11:00 p.m., appellant entered the house without permission, placed a knife
against her neck, and dragged her outside. Appellant took the complainant to an area of high grass and
weeds out of the sight of neighbors, where he threw her to the ground. She was afraid appellant was going
to rape her. Fortunately, dogs began to bark and a neighbor's lights came on. This apparently frightened
appellant, who told the complainant not to tell anyone what had happened and then fled. Contrary to
appellant's contention, we find this testimony sufficient to support the jury's verdict. See Jackson v.
Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v.
State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (standard of review). Point of error 2 is overruled.

Appellant contends his trial attorneys were ineffective because they advised him not to
testify. The record before us does not reflect the reason or reasons underlying this advice, which was
obviously a question of trial strategy. Appellant has not overcome the presumption that counsel provided
reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Point of error 1 is overruled.

Next, appellant contends that under the district court's jury charge, the jury's verdict
convicting him of burglary of a habitation necessarily included a finding that he was not guilty of kidnapping. 
The charge submitted count one, paragraph A (burglary by entering and committing aggravated assault),
count one, paragraph B (burglary by entering and committing kidnapping), and count two (kidnapping). 
The